UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES CARREKER,

       Petitioner,

v.                                                  CASE NO. 2:11-cv-15577
                                                   HONORABLE NANCY G. EDMUNDS

KENNETH ROMANOWSKI,

       Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS FOR
## APPOINTMENT OF COUNSEL AND FOR SUMMARY JUDGMENT

On December 21, 2011, petitioner James Carreker filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254, and on June 26, 2012, Respondent filed an answer to the petition. Currently pending before the Court are Petitioner's motion for appointment of counsel and his motion for summary judgment.

### The Motion for Appointment of Counsel

Petitioner alleges that he is unable to retain counsel and that his imprisonment hinders his ability to research and investigate complex issues in this case. Although Petitioner also alleges that the federal and state constitutions guarantee a petitioner the effective assistance of counsel, there is no absolute right to appointment of counsel in a habeas corpus proceeding. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495 (1991)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (explaining that "the right to appointed counsel extends to the first appeal of right, and no further"). "[A]ppointment of counsel in a civil proceeding . . . is justified only

in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Petitioner has ably represented himself thus far, and there are no exceptional circumstances requiring appointment of counsel. Accordingly, the motion for appointment of counsel [dkt. #7] is **DENIED**.

## The Motion for Summary Judgment

Petitioner has moved for summary judgment in his favor on the ground that Respondent violated the Court's order requiring a responsive pleading by failing to file a timely response. Petitioner is mistaken in thinking that the responsive pleading was untimely. The Court ordered Respondent to file a responsive pleading by June 26, 2012, and he filed a timely response to the habeas petition on June 26, 2012. Thus, Respondent is not in default, and Petitioner's motion for summary judgment [dkt. #11] is **DENIED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 6, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager